[Cite as *State v. Collins*, 2013-Ohio-5579.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99659

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TRAVIS COLLINS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568552

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANT**

John T. Castele
614 West Superior Avenue, Suite 1310
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Alison Foy
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Travis Collins ("Collins"), appeals his robbery convictions. We find no merit to the appeal and affirm.

{¶2} Collins was charged with one count of aggravated robbery, one count of felonious assault, two counts of robbery, and one count of having a weapon while under disability. At a bench trial, the victim, Oliver Cardona ("Cardona"), testified that on October 30, 2012, he took the bus from his home to West 25th Street where he cashed his paycheck at a bank. He subsequently paid his gas bill and purchased a bucket of chicken from KFC. He had approximately $700 on his person after paying his gas bill.

{¶3} Cardona intended to take the bus back home, but missed the bus and decided to stop for drinks at the Ice Box Tavern ("Ice Box"). While he was sitting at the bar, Collins walked in and the bartender, Theresa Fatica ("Fatica"), told him to leave because he was banned from the bar. Collins exited the building only to return moments later. While Collins was inside the bar, Cardona walked to the jukebox to choose some music, and Fatica again instructed Collins to leave. As Cardona walked back to his seat, Collins insulted him before leaving the bar. After this brief exchange, Cardona remained at the bar and had a few more drinks before asking Fatica to call a cab.

{¶4} Cardona asked the cab driver to stop at a gas station to buy cigarettes. At some point, Collins entered the cab with Cardona. Cardona testified that he was counting his money to set some aside to pay for cigarettes and the cab ride when he suddenly felt something hard hit the right side of his head on the temple, and Collins grabbed his money. The two men were struggling when the cab pulled into a nearby gas

station. The cab door opened, and the two men spilled out of the door and onto the ground where they continued to wrestle. Bystanders broke up the fight, which was captured on the gas station's surveillance camera. According to Cardona, Collins escaped with his money.

{¶5} Cardona returned to the Ice Box, and Fatica called the police. Fatica testified that only 11 minutes elapsed from the time Cardona left in the cab and the time he returned. When Cardona re-entered the bar, his shirt was inside out and soaking wet, and Fatica noticed a large bump near his temple. His face was red and "all scratched and muddy." Fatica testified that Cardona was "frantic," appeared "afraid," "shaken," and "confused," and reported that Collins had robbed him.

{¶6} Detective John Lally ("Det. Lally") responded to the Ice Box and met with Cardona, who explained what happened and gave Det. Lally a description of Collins's appearance. Cardona and Lally drove around the neighborhood looking for the suspect. They stopped at the gas station and viewed the surveillance video and obtained the cab driver's name from the cab company. On the way back to the Ice Box, Cardona observed Collins walking toward the Ice Box at the intersection of Walton Avenue and West 25th Street. They followed Collins back to the Ice Box where Det. Lally arrested him.

{¶7} Collins, who testified in his own defense, stated that after being asked to leave the Ice Box, he searched for a "dope boy" to buy a rock of crack. A short time later, as Collins was walking back to the Ice Box, he observed Cardona getting into a taxi van. Cardona saw Collins, asked "What's up?" and invited him into the cab. Collins

testified that on the way to the gas station, he showed Cardona a rock of crack hoping Cardona would be interested in buying crack because the dealer offered Collins a free rock if he referred a new customer.

{¶8} According to Collins, Cardona snatched the crack out of his hand and put it in his mouth. Collins told Cardona that it was not for sale and that he wanted it back, but Cardona refused to return the crack and a physical altercation ensued. In the end, Cardona never returned the crack but gave Collins $18. Collins got back in the cab and drove away but later bought another rock of crack for $18, which he smoked shortly before his arrest.

{¶9} Based on this evidence, the court found Collins guilty of two counts of robbery in violation of R.C. 2911.02(A)(2) and 2911.01(A)(3) and not guilty of aggravated robbery, felonious assault, and having weapons while under disability. It also found Collins not guilty of any of the firearm specifications. The court merged the two robbery convictions and sentenced Collins to a three-year prison term for robbery in violation of R.C. 2911.02(A)(2). This appeal followed.

{¶10} In his sole assignment of error, Collins argues the guilty verdict was against the manifest weight of the evidence. A challenge to the manifest weight of the evidence attacks the verdict in light of the state's burden of proof beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). When reviewing a claim that the judgment was against the manifest weight of the evidence, we review the entire record, weigh both the evidence and all the reasonable inferences,

consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at ¶ 387. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*

{¶11} Collins was convicted of robbery in violation of R.C. 2911.02(A)(2), which states that "[n]o person, in attempting to commit a theft offense or in fleeing immediately after the attempt or theft offense shall * * * inflict * * * or threaten to inflict physical harm on another."

{¶12} Collins contends the inconsistencies between Cardona's testimony and the other witnesses' testimony "cast a large shadow of doubt on the veracity of [Cardona's] testimony." He also argues Cardona was highly intoxicated and the inconsistencies in his testimony coupled with his impaired condition rendered his testimony less than credible.

{¶13} We agree there were inconsistencies in some of the witnesses' testimony. Cardona testified that Collins flagged the cab down. Collins testified that Cardona invited him into the cab. The cab driver testified that the cab was already moving when Cardona opened the door and "hollered" at Collins. Nevertheless, it is undisputed that Collins was in the cab with Cardona and the surveillance video from the gas station showed Cardona and Collins fall out of the van in the midst of a struggle.

{¶14} Cardona testified that Collins hit him on the temple on the right side of his head and robbed him of his money. Cardona's testimony, if believed, established that Collins inflicted physical harm on him while committing a theft offense. Fatica and Det. Lally corroborated this testimony, stating that they observed a large bump on the side of Cardona's face near the temple. Fatica also stated that Cardona's face was "all scratched and muddy." Fatica testified that only 11 minutes passed between the time Cardona left the Ice Box and the time he returned. When he returned, he was "frantic," appeared "afraid," and reported that Collins had just robbed him. Thus, Cardona reported the robbery while still under the stress caused by the event and his statements constituted an "excited utterance" as defined by Evid.R. 803(2).[1]

{¶15} Excited utterances are admissible as an exception to the hearsay rule because they are "the product of reactive rather than reflective thinking and thus, are believed inherently reliable." *State v. Ducey*, 10th Dist. Franklin No. 03AP-944, 2004-Ohio-3833, ¶ 17, citing *State v. Taylor*, 66 Ohio St.3d 295, 300, 612 N.E.2d 316 (1993). "Reactive excited statements are considered more trustworthy than hearsay generally on the dual grounds that, first, the stimulus renders the declarant incapable of fabrication and, second, the impression on the declarant's memory at the time of the statement is still fresh and intense." *Taylor* at 300, quoting Weissenberger, *Evidence,*

---

[1] Evid.R. 803(2) defines an "excited utterance" as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

Section 803.16, at 1 (1992). Therefore, Fatica's testimony corroborated Cardona's testimony.

{¶16} The court explained on the record that it did not find Collins's testimony credible. Collins admitted that he purchased crack cocaine before the robbery occurred and that he smoked crack before he was arrested. Evidence of Collins's prior robbery and drug convictions were admitted into evidence. Indeed, Collins admitted during trial that he had a significant drug problem. Collins also admitted that even though he was banned from the Ice Box for having caused trouble there in the past, he continuously "cuts through" the bar "to check on the ladies." When Collins's testimony is weighed against Cardona's testimony, which was corroborated by two other disinterested witnesses, it is reasonable that the trial court chose to believe Cardona's version of the events. We therefore cannot say the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.

{¶17} Accordingly, we overrule the sole assignment of error.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR